UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JORDY JAVIER OSORTO RODRIGUEZ,                                    Petitioner,

v.                                                    Civil Action No. 4:26-cv-260-RGJ

ARTHUR MAGLINGER, et al.,                                        Respondents.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jordy Javier Osorto Rodriguez's Writ of Habeas Corpus. [DE 1]. Respondents responded on April 20, 2026. [DE 6]. Petitioner replied on April 21, 2026. [DE 7]. The parties agree no evidentiary hearing is necessary. [DE 8; DE 10]. The United States filed an additional supplement. [DE 12]. This matter is ripe for adjudication. For the reasons below, this Court **DENIES** the Petition for Writ of Habeas Corpus. [DE 1].

## I.        Background

Petitioner Jordy Javier Osorto Rodriguez ("Rodriguez") is a 28-year-old native and citizen of Mexico. [DE 6-1 at 28]. Rodriguez has been present in the United States since 1997. [*Id.* at 29]. Rodriguez entered the United States without inspection. [*Id.*]. On February 15, 2026, Rodriguez was charged with driving on a DUI suspended license. [*Id.*]. On February 18, 2026, Rodriguez was taken into the custody by Immigration and Customs Enforcement ("ICE"), and has been held at Daviess County Jail in the Western District of Kentucky where he resides today. [*Id.*]. After being taken into custody, Rodriguez was provided a bond hearing pursuant to 8 U.S.C. § 1226(a) ("Section 1226"). [DE 6 at 22]. An Immigration Judge ("IJ") denied his custody redetermination, on the merits, finding that he is a danger to the community. [DE 6-4 at 36].

Rodriguez asserts that the United States illegally detained him under Section 1225 instead of Section 1226 in violation of the Immigration and Nationality Act ("INA"). [DE 1 at 9].

Rodriguez seeks a declaratory judgment that Section 1226 governs his detention, and thus he is entitled to a bond hearing under the statute and its implementing regulations. [*Id.*].

At first, the United States alleged that Rodriguez was properly detained pursuant to 8 U.S.C. § 1225(b)(2) ("Section 1225"). [DE 6 at 22]. However, since that response, the Sixth Circuit published its decision in *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026) holding that individuals, like petitioner, who have resided in the interior of the United States are not "seeking admission" and are properly detained pursuant to Section 1226, not Section 1225. Recognizing the binding nature of *Lopez-Campos,* the United States filed a supplement with the Court. [DE 12]. In the supplement, the United States recognizes that Rodriguez is detained pursuant to Section 1226. [*Id.* at 128]. Regardless, the United States contends that Rodrigues was already properly provided a merit based bond hearing pursuant to Section 1226(a). [*Id.*]. And therefore the Court cannot disturb the findings of the IJ, unless the Petitioner raises a constitutional issue or a statutory violation pursuant to the jurisdiction stripping provision of 8 U.S.C. § 1226(e). [DE 6 at 25; DE 12 at 130].

## II.    DISCUSSION[1]

### A.  Relevant Immigration Framework

This Court has previously outlined how Congress has distinguished between two classes of non-citizens, providing a bond hearing for those detained under Section 1226(a) but imposing mandatory detention without bond for those detained under Section 1225(b)(2). *See Vicen v. Lewis,* 821 F. Supp. 3d 863, 868-69 (W.D. Ky. 2026); *see also, Lopez-Campos,* 175 F.4th at 721-22. As noted, the United States's initially took the position that Petitioner was detained pursuant to

---

[1]Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025), and the Court waives the exhaustion requirement for the same reasons.

Section 1225, but since the Sixth Circuit's decision in *Lopez-Campos,* both parties now agree that Section 1226 controls Petitioner's detention. [DE 12 at 130]. The United States now asserts that because the "Petitioner had a bond hearing" the Court should "deny the petition because Petitioner already received the relief that *Lopez-Campos* ordered." [*Id.*].

### B. Section 1226(e)

Jurisdiction poses a threshold question. See *Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("[W]e must first consider whether we have jurisdiction to decide this case."). And " '[f]ederal courts,' it bears repeating, 'are courts of limited jurisdiction.' " *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Therefore, as an initial matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims.

The United States contends that Section 1226(e) prohibits judicial review of any "discretionary judgment" regarding the application of Section 1226. [DE 6 at 26]. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, district courts lack jurisdiction to review discretionary bond decisions made by an IJ. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Notwithstanding the above, parties may bring a constitutional challenge to a hearing by an IJ. *Demore v. Kim,* 538 U.S. 510, 523 (2003). But Rodriguez does not bring this type of challenge. Rodriguez first asks the Court for a declaratory judgment that his detention is governed by Section 1226, not Section 1225. [DE 1 at 7-8]. The United States has conceded this point. [DE 12 at 130]. Second, Rodriguez

3

requests a bond hearing pursuant to Section 1226. [DE 1 at 8]. But as noted, and as provided in the record, the United States has furnished Rodriguez with a merits-based bond hearing pursuant to Section 1226(a). [DE 6 at 28]. This includes the United States providing the Court with the IJ's custody redetermination written decision. [DE 6-4 at 36]. The IJ denied bond because of Petitioner's "repeated disregard for the laws of this country." [*Id.* citing *Matter of E-Y-F-G-,* 29 I&N Dec. 103, 104 (BIA 2025)]. Therefore, the IJ found that the Petitioner was a flight risk and a danger to the community, and therefore, release on bond was not warranted. [*Id.*].

Rodriguez does not allege that "the IJ wholly failed to consider the evidence presented, nor does he claim that the hearing was procedurally improper." *Gonzalez v. Tindall,* 2026 WL 1300572, *5 (W.D. Ky. May 12, 2026). In fact, he does not make any challenges about the bond hearing at all. Therefore, the "IJ's bond determination provided precisely the process he is due under the Fifth Amendment." *Ordonez v. Field Office Dir.,* 2026 WL 927173, at *4 (E.D. Ky. Apr. 6, 2026).

As a result, Rodriguez has been provided the due process he is owed pursuant to Section 1226(a). If Petitioner wishes to appeal the IJ's finding he may do so in immigration court. 8 C.F.R. 1003.19; 8 C.F.R. 1236.1(d)(3). But any discretionary challenges to the IJ's findings by this Court are barred by Section 1226(e). *See Nielsen*, 586 U.S. at 401; *Jennings v. Rodriguez*, 583 U.S. 295, 296 (2018); *Demore*, 538 U.S. at 516.

## VI.    Conclusion

For the reasons stated above, the Court **DENIES** Rodriguez's Petition for Writ of Habeas Corpus [DE 1].

4